# IN THE SUPREME COURT OF THE STATE OF NEVADA

TIMOTHY SAVALA, II,
                         Appellant,

              vs.

AMY BURNS,
                         Respondent.

No. 74320

**FILED**

JUN 01 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
    DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a district court order denying a motion to relocate minor child. Eighth Judicial District Court, Family Court Division, Clark County; Denise L. Gentile, Judge.

Pursuant to this court's notice to file documents, filed on November 21, 2017, appellant's opening brief and appendix were due to be filed in this court on or before March 21, 2018. Appellant failed to file the documents by that date, however, he filed an untimely motion for an extension of time on March 30, 2018. The untimely motion was granted by this court on April 4, 2018, and appellant was ordered to file the opening brief and appendix on or before April 11, 2018. On April 9, 2018, appellant filed the opening brief, which contains sparse references to the district court record, but did not file an appendix.

On May 3, 2018, respondent electronically filed a motion to dismiss the appeal based on appellant's failure to file an appendix, *see* NRAP 28(e)(1) (requiring every assertion in briefs pertaining to matters in the record to be supported by a cite to the appendix where the matter relied upon is to be found); NRAP 30(e) (stating that an appellant's appendix shall be served and filed with the opening brief); NRAP 31(d)(1) (permitting a respondent to move for dismissal of an appeal where an appellant fails to

*18-20906*

timely file an appendix), and also arguing that the order appealed from is not substantively appealable.[1] *See* NRAP 3A(b). To date, appellant has not opposed the motion to dismiss, submitted an appendix for filing, or otherwise communicated with this court. *See* NRAP 27(a)(3)(A) (allowing a party 7 days from service of a motion to file a response). We conclude that appellant's failure to oppose the motion to dismiss constitutes an admission that the motion is meritorious. *See Foster v. Dingwall*, 126 Nev. 56, 66, 227 P.3d 1042, 1049 (2010). Accordingly, we grant respondent's motion and

ORDER this appeal DISMISSED.

_____ *Pickering* _____, J.
Pickering

_____ *Gibbons* _____, J.        _____ *Hardesty* _____, J.
Gibbons                                                              Hardesty

---

[1]Pursuant to NRAP 25(d), respondent filed proof of service of the motion on May 25, 2018. The proof of service indicates that appellant's counsel, a registered user of this court's electronic filing system, was served with the motion via notice generated by the electronic filing system on May 4, 2018. *See* NEFCR 9(a) (indicating that a motion to dismiss is a document permitted to be served electronically); NEFCR 9(b) (stating that the notice generated by the court's electronic filing system "shall be considered as valid and effective service of the document on the registered users and shall have the same legal effect as service of a paper document"); NEFCR 9(c) (stating that "users who register with the electronic filing system are deemed to consent to receive service electronically"); NRAP 25(c)(1)(E) (indicating that service of documents in this court may be accomplished through "notice by electronic means to registered users of the court's electronic filing system consistent with NEFCR 9").

cc:     Hon. Denise L. Gentile, District Judge, Family Court Division
        The Grimes Law Office
        Fine Carman Price
        Eighth District Court Clerk